**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0727-22

ARNOLD G. SHURKIN, ESQ.,

    Plaintiff-Appellant,

v.

ELAR REALTY CO., LAWRENCE
H. RUDBART, DONALD RUDBART,
LINDA SIEGEL, EDWIN SIEGEL,
CINDY GOLDSTEIN, LORI MORAN,
GERAL RUDBART, ALECIA BLAKE
AND CURTIS RUDBART,

    Defendants-Respondents.

_____

Argued October 17, 2023 – Decided November 13, 2023

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-0021-19.

Arnold G. Shurkin, Esq., appellant, argued the cause Pro se.

Respondents have not filed a brief.

PER CURIAM

In this attorney's fees dispute, Arnold G. Shurkin argues the trial court erred in denying his summary judgment motion; sua sponte dismissing his complaint with prejudice; and rejecting his recusal request. For the reasons that follow, we affirm in part and reverse and remand in part.

I

Shurkin, a licensed New Jersey attorney, sued Elar Realty Co., Lawrence H. Rudbart, Donald Rudbart, Linda Siegel, Edwin Siegel, Cindy Goldstein, Lori Moran, Gerald Rudbart, Alecia Blake, and Curtis Rudbart[1] for payment of $52,062.05 for legal services rendered from 2016 through 2018. Shurkin's action was premised on breach of contract, book account, and quantum merit.

After the trial court denied Shurkin's initial summary judgment motion,[2] he filed another summary judgment motion. Defendants did not file a cross-motion for summary judgment. The court denied the motion and sua sponte dismissed Shurkin's complaint with prejudice.

---

[1]  Because most of the individual defendants share last names, they will be referred to by their first names to avoid confusion.

[2] The court denied Shurkin's initial motion for summary judgment because: (1) "there was an ongoing legal malpractice matter involving ANIM Investment Co.," a related company of Elar, and Shurkin; and (2) Shurkin "needed to 'pierce the corporate veil.'"

A-0727-22

In its thoughtful written decision, the trial court stressed there were various errors, omissions, and discrepancies in Shurkin's supporting documents. Citing Seventy-Three Land v. Maxlar Partners, 270 N.J. Super 332, 336 (App. Div. 1994), the court held Shurkin "[could not] show . . . liability [for individual defendants] is possible . . . because [he] [did] not demonstrate[] that the assets of the partnership are insufficient to be able to attach individual liability to the partners." The court also noted Shurkin failed to meet the requirements of N.J.S.A. 42:1A-20(a)-(b)[3] to establish that Edwin Siegel was a partner of Elar

---

[3] N.J.S.A. 42:1A-20(a)-(b) provide:

> a. If a person, by words or conduct, purports to be a partner, or consents to being represented by another as a partner, in a partnership or with one or more persons not partners, the purported partner is liable to a person to whom the representation is made, if that person, relying on the representation, enters into a transaction with the actual or purported partnership. If the representation, either by the purported partner or by a person with the purported partner's consent, is made in a public manner, the purported partner is liable to a person who relies upon the purported partnership even if the purported partner is not aware of being held out as a partner to the claimant. If partnership liability results, the purported partner is liable with respect to that liability as if the purported partner were a partner. If no partnership liability results, the purported partner is liable with respect to that liability jointly and

and therefore liable for its legal fees. With respect to Elar's liability, the court held Shurkin's billing "invoice[s] that span years" failed to provide Elar "the ability to make . . . informed decision[s] concerning [his] representation," in violation of RPC 1.3.[4]

Shurkin subsequently moved for reconsideration of the trial court's order denying summary judgment and sua sponte dismissing his complaint as to all defendants with prejudice. Shurkin also sought the court's recusal based on Rule 1:12-1(d).

---

severally with any other person consenting to the representation.

b. If a person is thus represented to be a partner in an existing partnership, or with one or more persons not partners, the purported partner is an agent of persons consenting to the representation to bind them to the same extent and in the same manner as if the purported partner were a partner, with respect to persons who enter into transactions in reliance upon the representation. If all of the partners of the existing partnership consent to the representation, a partnership act or obligation results. If fewer than all of the partners of the existing partnership consent to the representation, the person acting and the partners consenting to the representation are jointly and severally liable.

[4] RPC 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

A-0727-22

On October 12, 2022, the trial court entered an order denying the requests. In its written decision, the court stated reconsideration was not warranted under Rule 4:49-2 because Shurkin merely rephrased his previous rejected arguments and supplied previously omitted documents without justification. The court found no merit in Shurkin's contention that his constitutional right to due process was violated by the dismissal of his complaint with prejudice. The court held that because Shurkin filed a motion for summary judgment, he was afforded a "full opportunity to develop [his] legal and factual arguments, the ability to respond to [d]efendants' opposition, and the opportunity to be heard at oral argument before the [court]," therefore, he "kn[ew] the evidence and contentions advanced." Lastly, the court rejected Shurkin's recusal request because he failed to identify "any 'reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so.'" Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001) (citing R. 1:12-l(f) (1994)[5]).

---

[5] Rule 1:12-1 was amended in 2012, changing subsection (f) to subsection (g).

A-0727-22

## II

In his appeal, Shurkin raises both procedural and substantive concerns. Shurkin claims our court rules do not allow a trial court to sua sponte dismiss a complaint with prejudice under these circumstances. He asserts Rule 4:46, which details the procedure for summary judgment dismissal of a compliant, was not followed by the court. The court, according to Shurkin, did not give him the "chance to rebut the facts and law asserted by the [c]ourt."[6] Shurkin maintains denying reconsideration was "another ex parte decision that constituted a direct violation of [his] due process rights."

Shurkin argues the trial court made three substantive errors in its decision. First, the court misinterpreted established general partnership law by disregarding defendants' admission that Elar is a New Jersey general partnership, instead relying on "its own erroneous version of the law of general partnerships." Second, the court wrongfully dismissed his fee claim, considering his long-standing representation of defendants and their regular

---

[6] In support of this argument, Shurkin cites an unpublished opinion from this court. Rule 1:36-3 makes clear that absent certain exceptions not relevant here, "[n]o unpublished opinion shall constitute precedent or be binding upon any court." Thus, we will not consider that opinion.

payments of his bills satisfied RPC 1.5(a)(6), which provides that "the nature and the length of the professional relationship with the client" is a factor "to be considered in deciding the reasonableness of a [lawyer's] fee." Third, the court erred in requiring him to provide a separate retainer agreement for three unpaid bills.

The merits of the trial court's dismissal are not at issue, rather the court's failure to employ the minimal procedural requirements of due process form the basis of our decision. Our Supreme Court has recognized that "[t]he minimum requirements of due process of law are notice and an opportunity to be heard." Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84 (App. Div. 2001) (citing Doe v. Poritz, 142 N.J. 1, 106 (1995)). The court failed to abide by these requirements in sua sponte dismissing plaintiff's complaint with prejudice. The record bears no mention of the court's efforts to notify Shurkin of its pending sua sponte consideration, thus depriving Shurkin of his right to be notified— which inherently deprived him of the right to be heard on the matter. We cannot endorse the trial court's "swift disposition of [the case] at the expense of fairness and justice." Id. at 83. Although Shurkin indeed raised factual contentions and legal arguments in support of his summary judgment motion, he was given no opportunity to address the court's contemplation that it was considering

7

dismissing his complaint with prejudice. Given defendants, who were represented by counsel, did not cross-move for summary judgement, the court should not have acted without notifying Shurkin of its intentions.

The trial court's ruling conflicts with the principles espoused in Klier, where we reversed the trial judge's sua sponte summary dismissal of the plaintiffs' complaint without giving the plaintiffs sufficient notice or a meaningful opportunity to respond to the judge's motion. Id. Despite "giv[ing] [the] plaintiffs' attorney two days to produce his expert's report and further argue against the motion," we held

> that opportunity was insufficient to remedy the defect in the judge's procedure. Had plaintiffs' attorney been given sufficient advance notice of the application for dismissal, he would have had a meaningful opportunity to contact his expert and supply a supplemental report, as he did on his motion for reconsideration. We cannot condone a procedure whereby a judge sua sponte, without notice to a party, resorts to a "shortcut" for the purposes of "good administration" and circumvents the basic requirements of notice and opportunity to be heard.
>
> [Id. at 84-85.]

Even though defendants opposed Shurkin's summary judgment motion, they did not cross-move for summary judgment. Reversal of the trial court's sua sponte dismissal order is appropriate because Shurkin did not have a full

opportunity to address the trial court's concerns. Remand is appropriate for further proceedings to resolve this dispute.

We, however, will not disturb the trial court's denial of Shurkin's summary judgment as there are genuine issues of material fact which preclude summary judgment. See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing R. 4:46-2(c)). In particular, there is a genuine issue of whether individual defendants are liable for the debt of Elar because they were partners at the time the legal services were performed.

### III

Finally, we conclude it is best that remand for further proceedings be conducted by a different trial court. We agree with Shurkin that the court should be disqualified under Rule 1:12-1(d) because it "has given an opinion upon a matter in question in the action." Moreover, remanding to a different trial court avoids the potential taint or concerns due to the initial court's prior determination that Shurkin's compliant should be dismissed. See Luedtke v. Shobert, 342 N.J. Super. 202, 219 (App. Div. 2001) (recognizing the "time and effort the court put into the case" but expressing concern that the original court would be in "untenable position" on remand). We take no position on the outcome of this matter on remand.

A-0727-22

We affirm in part, reverse in part, and remand for further proceedings.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION